The opinion of the court was delivered by
Nevxtjs, J.
The defendant insists that the court erred in refusing to non-suit, as the agreement was no evidence of title; and afterwards in overruling his offer as the agreement contained no admission on his part of title in the plaintiff. It is important therefore to inquire, what is the true meaning and legal construction of this contract, for it will not be denied, that where a defendant in ejectment has admitted the plaintiff’s title without fraud practised upon him, he shall not afterwards be permitted to deny it. But the defendant denies that he ever admitted the plaintiff’s title, as there is no allegation of title in the written agreement, and that therefore he was bound to prove it otherwise than by the agreement itself. He insists that the language of the covenant, “to deliver a good and sufficient deed with covenants of warranty,” does not refer to the title, but only to the instrument, and means a conveyance of such estate only as the plaintiff has in the premises. The effect of such a covenant has often been discussed and received a judicial construction. In the case of Clute v. Robinson, 2 John R. 595, it was unanimously resolved by the court of errors of New York that “a covenant to deliver a good and sufficient deed means one that conveys a good and sufficient title.” The authority of this case has however been *216 impugned if not wholly overruled by subsequent decisions in the Supreme Court of that State. In Van Eps v. Schenectady 12 John R. 436, it was adjudged that “an agreement to execute a deed is satisfied by executing a deed without covenants.” And in Gazby v. Price, 16 John R. 269, the court say that “the additional words good and sufficient do not alter the construction of the agreement but only denote the species of deed to be given and have no reference to the title.” In Parker v. Parmele, 20 John R. 130, Chief Justice Spencer, in giving the opinion of the court, approves the decision in the case last cited and says that “ the same construction is to be put upon the words a good warranty deed of conveyance as upon the words a good and sufficient deed; .that both relate to the instrument and not to the title.”— The plaintiff has referred us to other cases in the same court supposed to militate against the doctrine of those just mentioned. Upon examining them it will be found that the language in some was “a conveyance of land,” and in others for the “ purchase of lands,” both of which expressions were adjudged to refer to title and not merely to the instrument of conveyance. But whatever may be the conflicting opinions on this question, or whatever doubt may exist as to the soundness of the construction given by the Supreme Court of New York, to the words, “a good warranty deed of conveyance,” I apprehend this court took a more correct and rational view of the question in Barrow v. Bispham, 6 Hal. 119. Judge Ford delivered the opinion of the court in that case and after referring to the cases last cited, without objection, says “ as the words ‘ good and sufficient deed5 have a meaning in themselves which is neither doubtful nor ambiguous, we have no right by any known rules of construction, to depart from the plain meaning of the word deed and stretch it to mean title, which is of so much larger and comprehensive import, unless there was something else in the same instrument or in the attendant circumstances, to demonstrate that the parties, by the word deed meant title.” If this was entirely an open question in this court, I confess I should strongly incline to adopt the construction given by Judge Kent and the court of Errors in Clute v. Robinson. The intention of parties to a contract, as gathered from its terms, should govern its construction. Now I undertake to say, that in a written contract for the sale and purchase *217 of lands, the phrase “ a good and sufficient warranty deed ” will be understood by more than nine tenths of mankind, not excepting the legal profession to mean a good and sufficient title. That if a person intended to sell and another to buy a doubtful or uncertain title, or any thing less than a good and sufficient legal title, in reducing their contract to writing, they would not use this phrase, but would define the interest bargained for. The substance of these contracts in general, is the estate bargained for, and not the deed which is only the mode of conveying it.— And a good and sufficient deed of conveyance for lands conveys to my mind the idea of a good and sufficient title to such lands. If these words unexplained and unqualified are to be referred only to the character of the instrument, a covenant to make such a deed may be performed without conveying the shadow of estate or interest. In Jackon v. Ayers, 14 John R. 224, it was adjudged that a covenant to “ convey lands ” was a covenant to convey a good title to them. I ask them does not a covenant “ to make a deed for lands,” mean “ a deed of conveyance for the lands,” and is not that its universal^acceptation ? But without moaning to come in conflict with adjudged cases on this subject and especially with the decision of our own court, I adopt the principle in the case of Barrow v. Bispham and inquire whether there “ is not something else in the agreement before us, or in its attendant circumstances to demonstrate that the parties by the words “ good and sufficient deed with covenants of warranty ” meant “ a good and sufficient tifie.” I apprehend that such intention is manifest from the nature of the contract and its attendant circumstances. It is a contract for one hundred and sixty acres of improved land, with the buildings, for the consideration of seven thousand six hundred dollars, to be paid in five annual installments with interest. The whole purchase money was to draw interest for one year before the deed was to be delivered and this probably in lieu of the rent; after the first installment was paid the balance was to be secured by a mortgage on the lands. All this indicates that the defendant was bargaining for a title and that the parties so understood it, for we can scarcely believe that he would part with so much money for any thing less than a good and sufficient title. And notwithstanding all that is said in the cases I have referred to I cannot but think that the covenant to warrant, implies a *218 warranty of title to the fee simple of the land and not merely to such estate as the plaintiff might have in it.
If I am right in this view, it will follow, that by the execution of this agreement, the defendant admitted the plaintiff’s title and cannot, in this action, gainsay or deny it. The plaintiff therefore was not bound to show any further title to the lands and the court was right in refusing to non-suit. Nor could the defendant lawfully give evidence of title in another. If it were true that the plaintiff had no title in fact, either at the date of the agreement or the time fixed for the delivery of, the deed, yet the defendant could take no advantage of it in this action, unless he could show that the contract was obtained from him by fraud. But his remedy would be against the plaintiff, for a breach of his covenant, provided he, the defendant, had performed or tendered himself ready to. perform his own covenants.
My opinion is, that the court was right in overruling the evidence offered and that the motion to set aside the verdict should be refused.
Mule discharged.
Elmer and Whitehead, Justices, did not hear the argument and gave no opinion.
Cited in Conover v. Tindell, Spenc. 516; Lounsbery v. Locander, 10 C. E. Gr. 557.